IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS VAZQUEZ, | No. 4:21-CV-00164 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| JOHN E. WETZEL, *et al.*, | |
| Respondents. | |

MEMORANDUM OPINION

SEPTEMBER 30, 2022

Petitioner Jesus Vazquez filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to overturn his 2015 state-court conviction and sentence, which were entered after Vazquez pled guilty to one count of rape of a child. Because Vazquez cannot satisfy the stringent requirements for habeas corpus relief, the Court will deny his Section 2254 petition.

I. BACKGROUND AND PROCEDURAL HISTORY

In 2013, Vazquez was charged with rape of a child, statutory sexual assault, aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, unlawful contact with a minor, and corruption of minors.[1] On February 18, 2015, Vazquez pled guilty to one count of rape of a child, 18 PA.

---

[1] *Commonwealth v. Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *1 (Pa. Super. Ct. Feb. 16, 2021) (nonprecedential); *see also* Doc. 8-2 at 3-5.

CONS. STAT. § 3121(c).[2]  He was sentenced to 13 to 26 years' imprisonment.[3]

Following some procedural hurdles, Vazquez obtained new appointed counsel and filed a direct appeal, arguing that (1) the trial court erred in finding that his guilty plea was knowingly, intelligently, and voluntarily made where the circumstances showed that he did not understand the guilty plea and its consequences; and (2) that the trial court abused its discretion and imposed an unreasonable sentence.[4]  The Superior Court *sua sponte* vacated Vazquez's designation as a Sexually Violent Predator, but otherwise affirmed his judgment of sentence.[5]  The Supreme Court of Pennsylvania denied Vazquez's petition for allowance of appeal.[6]

In September 2019, Vazquez filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA),[7] the state's corollary to federal habeas relief.[8]  Vazquez's PCRA counsel filed a *Turner/Finley*[9] no-merit letter and sought to withdraw from the case.[10]  In January 2020, the PCRA court granted counsel's motion to withdraw and, two months later, dismissed Vazquez's claims as

---

[2]  *Commonwealth v. Vazquez*, No. 340 MDA 2017, 2018 WL 1192612, at *1 (Pa. Super. Ct. Mar. 8, 2018) (nonprecedential).
[3]  *Id.*
[4]  *Id.*
[5]  *Id.*, at *1, 6.
[6]  *Commonwealth v. Vazquez*, No. 228 MAL 2018, 189 A.3d 944 (Pa. 2018) (table).
[7]  42 PA. CONS. STAT. § 9541 *et seq.*
[8]  *See Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *2.
[9]  *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988).
[10]  *Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *2.

meritless without an evidentiary hearing.[11]  On appeal, Vazquez raised four issues,[12] which mirror the claims raised in his instant Section 2254 petition.[13]  On February 16, 2021, the Superior Court denied the claims on the merits.[14]  Once again, the Pennsylvania Supreme Court denied Vazquez's petition for allowance of appeal.[15]

Vazquez filed his Section 2254 petition in this Court in January 2021, before he had exhausted his claims in state court.[16]  The Court stayed the instant case while Vazquez pursued state remedies.[17]

In October 2021, Vazquez notified the Court that he had fully exhausted his state remedies and requested 120 days to file an amended Section 2254 petition.[18]  The Court granted Vazquez's request,[19] but no amended petition was filed over the subsequent 170 days.  On March 28, 2022, the Court issued an Order giving Vazquez an additional month (or until April 28, 2022) to file an amended Section 2254 petition and explaining that, if no amended petition was filed, the Court would proceed with adjudication of the original petition.[20]  No amended petition was filed, so the Court ordered Respondent to file a supplemental response (now

---

[11]  *Id.*
[12]  *Id.* at *2-3.
[13]  *See* Doc. 1 at 4-5.
[14]  *See Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *3-5.
[15]  *Commonwealth v. Vazquez*, No. 200 MAL 2021, 262 A.3d 1255 (Pa. 2021) (table).
[16]  Doc. 1.
[17]  Doc. 10.
[18]  *See* Doc. 11.
[19]  Doc. 12.
[20]  Doc. 13.

that state remedies had been exhausted) to the original Section 2254 petition.[21] Respondent complied,[22] and Vazquez did not file a reply brief. Vazquez's Section 2254 petition, therefore, is ripe for disposition.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[23] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[24] An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[25]

When a claim is properly exhausted and then raised on federal habeas review, the level of deference afforded to the state court decision is substantial.[26] The AEDPA "does not 'permit federal judges to . . . casually second-guess the decisions of their state-court colleagues or defense attorneys.'"[27] Accordingly, under Section 2254(d), federal habeas relief is unavailable for exhausted claims unless the state-court adjudication "resulted in a decision that was contrary to, or

---

[21] Doc. 14.
[22] Docs. 15, 16.
[23] 28 U.S.C. §§ 2241–2254.
[24] *Id.* § 2254(b)(1)(A).
[25] *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).
[26] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom.*, *Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.).
[27] *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 543 (3d Cir. 2014) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[28] An unreasonable application of Supreme Court precedent includes situations where "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case."[29]

This is an intentionally difficult standard to meet.[30] Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" clearly established Supreme Court precedent.[31] Thus, to obtain federal habeas relief on an exhausted claim, a state prisoner must demonstrate that the state court's ruling on the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[32]

Finally, if a state court has ruled on the merits of a claim, a federal habeas petitioner generally must meet Section 2254(d)'s requirements "on the record that

---

[28] 28 U.S.C. § 2254(d).
[29] *White v. Woodall*, 572 U.S. 415, 425 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).
[30] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).
[31] *Id.*
[32] *Id.* at 103.

was before that state court."[33]  Absent compelling circumstances,[34] district courts cannot supplement the existing state-court record for claims adjudicated on the merits.[35]  "Otherwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record" on federal habeas review.[36]

### III.  DISCUSSION

Vazquez raises four claims for relief in his Section 2254 petition.  The Court must initially note that Vazquez has provided no evidence, argument, or citation to legal authority to support his Section 2254 petition.  Although he filed a memorandum in support of his motion for a stay,[37] he did not provide any such memorandum or brief to support his actual claims for habeas relief.  Nevertheless, the Court will attempt to review Vazquez's Section 2254 petition.

Vazquez's first claim requires only cursory discussion.  In this claim, he contends that the PCRA court erred in concluding that his PCRA petition was untimely.[38]  But as the Superior Court explained, "This claim is baseless.  The PCRA court dismissed the petition as meritless.  There is no reference to untimeliness in the court's order."[39]

---

[33]  *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (footnote omitted).
[34]  *See* 28 U.S.C. § 2254(e)(2).
[35]  *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011).
[36]  *Id.*
[37]  *See* Doc. 2.
[38]  *See* Doc. 1 at 4.
[39]  *Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *3.

6

Vazquez's remaining three claims all involve allegations concerning the voluntariness of his guilty plea and the performance of his appointed attorneys. Vazquez essentially contends that he was misinformed by trial counsel about the consequences of his guilty plea. He avers that his attorney misled him by telling him that, by pleading guilty, he would be immediately deported rather than having to serve a term of incarceration in state prison prior to his deportation.[40] He further contends that his appellate counsel was ineffective for failing to investigate and raise the issues surrounding the voluntariness of his guilty plea and trial counsel's alleged misconduct.[41]

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in *Strickland v. Washington*.[42] To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.[43] The defendant bears the burden of proving both prongs.[44]

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward

---

[40] *See* Doc. 1 at 5.
[41] *Id.*
[42] 466 U.S. 668 (1984).
[43] *Strickland*, 466 U.S. at 687-88.
[44] *See id.* at 687.

counsel's conduct.[45]  There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.[46]  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."[47]

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.[48]  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing on one.[49]

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed.  The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."[50]  Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a *Strickland* claim lacks merit precludes federal habeas relief.[51]

---

[45] *Id.* at 689.
[46] *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989).
[47] *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90).
[48] *Strickland*, 466 U.S. at 694.
[49] *See id.* at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).
[50] *Richter*, 562 U.S. at 101 (emphasis added); *Collins*, 742 F.3d at 547-48.
[51] *Richter*, 562 U.S. at 101, 105 (citation omitted).

Vazquez's second and third habeas claims are interrelated. In his second claim, he argues that he was "led into a [p]lea of [g]uilty by being promised immediate deportation" and was only informed—by the interpreter—at the sentencing hearing that he would have to serve his state sentence first (before deportation).[52] He additionally alleges that he was "not properly informed of the consequences of a guilty plea" by a criminal defendant facing deportation.[53] In other words, Vazquez claims that his guilty plea was rendered involuntary by his attorney's misinformation.

In his third claim, Vazquez similarly asserts that trial counsel was "ineffective in leading [him] to enter a plea of guilty and misleading [him] regarding deportation."[54] Vazquez maintains that his trial attorney was constitutionally deficient because he misled Vazquez into pleading guilty by incorrectly telling him that, if he pled guilty, he would be immediately deported rather than having to serve his state sentence prior to deportation.

These claims are essentially one claim of ineffective assistance of trial counsel. That is, the purported deficient performance was Vazquez's trial counsel

---

[52] Doc. 1 at 5.
[53] *Id.* As the Superior Court concluded, this additional assertion is patently meritless. During the guilty plea colloquy, Vazquez's trial counsel specifically noted that he had informed Vazquez of the immigrations consequences of pleading guilty to a serious violent felony as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010). *See Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *3-4 & n.12. And Vazquez acknowledged on the record that he understood the immigration ramifications (*i.e.*, deportation) at that time. *Id.*, at *4 n.12.
[54] Doc. 1 at 5.

allegedly misleading him about the deportation ramifications of pleading guilty, and the prejudice was that Vazquez entered a guilty plea without the requisite voluntariness and knowledge required to plead guilty.

The Superior Court, adopting its analysis from direct appeal, concluded that Vazquez's allegations of involuntarily pleading guilty and being misled by trial counsel were "unsupported" and "disingenuous."[55] Specifically, the panel explained that—at the guilty plea hearing—the parties "outlined the potential sentence in light of the plea, including the amount of the fine, the fact that [Vazquez] would be required to register as a sex offender, and the time of incarceration."[56] The Superior Court reasoned, "If [Vazquez] were not required to serve the sentence, such discussion would not have taken place, and [Vazquez] would have been advised that he was being deported."[57] The panel further explained that Vazquez had neither objected during the plea colloquy, nor filed a motion to withdraw his guilty plea after learning that he would be required to serve his prison sentence prior to deportation.[58] It also noted that, at sentencing, trial counsel specifically explained that "Vazquez is going to be deported back to Mexico *upon the conclusion of his sentence*."[59]

---

[55] *Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *3-5.
[56] *Id.*, at *4 (alterations in original).
[57] *Id.* (alterations in original).
[58] *Id.*
[59] *Id.* (quoting Sentencing Tr. 12:2-3).

As set forth above, this Court does not review exhausted *Strickland* claims *de novo*. If it did, the Court would prefer to develop the record by receiving testimony from trial counsel regarding Vazquez's allegations of being misled into pleading guilty by promises of immediate deportation. But this Court's habeas review of exhausted ineffective-assistance claims is extremely limited, and the Court cannot say that the Superior Court's determination on this claim was an unreasonable application of the *Strickland* standard. Fairminded jurists could agree with the Superior Court's reasoning and conclusions regarding Vazquez's post-hoc complaints about his trial counsel's alleged conduct, which only surfaced on appeal after Vazquez was sentenced to 13 to 26 years' imprisonment.[60]

In his fourth and final claim, Vazquez asserts that his appellate counsel was ineffective for failing to investigate and raise the issues asserted in claims two and three regarding his allegedly illegal guilty plea. The Superior Court analyzed this claim together with the other allegations of ineffective assistance and found it to be meritless.[61] This determination was a reasonable application of *Strickland*. Because the Superior Court had determined that Vazquez's allegations were unsupported and disingenuous, appellate counsel could not have been ineffective for failing to raise the issues on appeal.[62]

---

[60] At the sentencing hearing, Vazquez's trial counsel had argued for a sentence at the low end of the guidelines, around the 72-month range. *See* Doc. 16-3, Sentencing Tr. 11:6-13:15.
[61] *Vazquez*, No. 195 MDA 2020, 2021 WL 603230, at *3-5.
[62] *See Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 379 (3d Cir. 2018) (explaining that an attorney cannot be deemed ineffective for failing to raise a meritless claim).

This Court further notes that Vazquez's appellate counsel *did* challenge the legality of the guilty plea on direct appeal, but it was determined that this claim had been waived because no objection had been raised during the plea colloquy, nor had a motion to withdraw the plea been filed following sentencing.[63]  Thus, any alleged error would lie with trial counsel, not appellate counsel.  Moreover, in Pennsylvania, a claim of ineffective assistance of counsel generally must be raised in a PCRA petition rather than on direct appeal.[64]  As such, the Superior Court's determination on this *Strickland* claim was not unreasonable, and Vazquez's fourth claim does not warrant habeas relief.

## IV. CONCLUSION

For the foregoing reasons, the Court must deny Vazquez's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Vazquez has failed to make a substantial showing of the denial of a constitutional right.[65]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[63] *Vazquez*, No. 340 MDA 2017, 2018 WL 1192612, at *2 (citing *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. Ct. 2013); PA. R. CRIM. P. 720(A)(1); *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. Ct. 2017)).
[64] *See Commonwealth v. Holmes*, 79 A.3d 562, 620 (Pa. 2013).
[65] *See* 28 U.S.C. § 2253(c)(2).